**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 20-164-DLB**

**JEREMY BELL**            **PLAINTIFF**

**v.**        **MEMORANDUM OPINION AND ORDER**

**KATHLEEN KENNEY, et al.**            **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jeremy Bell is a Kentucky state inmate currently confined at the Northpoint Training Center in Burgin, Kentucky. Bell has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1), a Motion to Proceed *In Forma Pauperis* (Doc. # 3), a Motion for Preliminary Injunction and Temporary Restraining Order (Doc. # 4), and a Motion for Appointment of Counsel (Doc. # 5).

This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). The Court evaluates Bell's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts the Plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56

1

(2007). However, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010); *see also* FED. R. CIV. P. 8.

Bell is currently serving a sentence imposed after his conviction of two counts of sodomy in the second degree in violation of Kentucky Revised Statute § 510.080. *See* Kentucky Department of Corrections ("KDOC") Online Offender Lookup System, available at http://kool.corrections.ky.gov/KOOL (last accessed May 8, 2020). In his Complaint, Bell claims that, because he has completed a sexual offender treatment program, he is entitled to earn all good time credits, including statutory good time, work for time credit, and educational good time credit. (Doc. # 1 at 3–4). However, he alleges that prison officials have not awarded him good time credit. *Id*. He alleges that the denial of good time credit is in violation of his constitutional due process rights. *Id*. As relief, he seeks monetary damages in the amount of $175,000.00 and a change in the "policy" such that an eligible sex offender who has completed the sexual offender treatment programs receives statutory good time and work for time credit. *Id*. at 4. He seeks to pursue his claim against Commissioner of the KDOC, Kathleen Kenney; Warden of Northpoint, Brad Adams; and "all other unknown individuals within the [KDOC]." *Id*. at 1.

However, Bell's Complaint fails on both procedural and substantive grounds. As an initial matter, Bell has failed to identify a viable defendant against whom his claims for money damages may be pursued. To the extent that he seeks to pursue his claims against the Defendants in their respective individual capacities, personal liability in a

§ 1983 action hinges upon a defendant official's personal involvement in the deprivation of a plaintiff's civil rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *see also Polk County v. Dodson*, 454 U.S. 312, 325–26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *See Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

Here, Bell fails to attribute any conduct to any particular Defendant. At most, he seeks to hold Commissioner Kenney and Warden Adams responsible in their respective capacities as supervisors. However, the mere fact of supervisory capacity is not enough; *respondeat superior* is not an available theory of liability. *Polk County*, 454 U.S. at 325–26. Indeed, "[i]n a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer." *Iqbal*, 556 U.S. at 677. Thus, because Bell does not allege that any particular Defendant was personally involved in the complained of conduct, and because neither Commissioner Kenney nor Warden Adams are vicariously liable for the conduct of their staff, Bell fails to state a claim against any of the Defendants in their individual capacity. *See Nwaebo*, 83 F. App'x at 86; *Iqbal*, 556 U.S. at 677.

Moreover, any "official capacity" claims against Commissioner Kenney, Warden Adams, and/or unknown KDOC employees are construed as civil rights claims against the KDOC itself. This is because, notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency that employs them. *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Alkire v.*

*Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While [p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotations and citations omitted).  However, as an agency of the Commonwealth of Kentucky, the KDOC is not subject to suit for money damages under § 1983 in federal court.  See *Puckett v. Lexington-Fayette Urban Cty. Gov't.*, 833 F.3d 590, 598 (6th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Gibbons v. Ky. Dep't. of Corr.*, No. 3:07CV-P697-S, 2008 WL 4127847, at *2 (W.D. Ky. Sept. 4, 2008) (*citing  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687–88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotations and citation omitted)).  Indeed, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies.  *Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 664–66 (1974)); *see also Scott v. Ky. Dep't of Corr.*, No. 0:08-cv-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("[T]he Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities.").

In addition to these procedural deficiencies, Bell's Complaint fails to state a claim for which relief may be granted.  To the extent that Bell seeks work-time credit pursuant to Kentucky Revised Statute § 197.047, the credit provisions of § 197.047 do not apply

to a prisoner, such as Bell, who is serving a sentence for a sex crime as defined in Kentucky Revised Statute § 17.500.  *See* KY. REV. STAT. § 197.047(6)(d).[1]

Bell's Complaint otherwise alleges that the failure to award him good time credit following his completion of a sexual offender treatment program deprives him of due process of law in violation of the Fourteenth Amendment.  (Doc. # 1).  However, the statutory provision under which Bell claims entitlement to this credit, Kentucky Revised Statute § 197.045(4) provides, in relevant part:

> Until successful completion of the sex offender treatment program, an eligible sexual offender *may* earn sentencing credit.  However, the sentencing credit shall not be credited to the eligible sexual offender's sentence.  Upon the successful completion of the sex offender treatment program, *as determined by the program director*, the offender *shall be eligible* for all sentencing credit earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections.  After successful completion of the sex offender treatment program, an eligible sexual offender *may* continue to earn sentencing credit in the manner provided by administrative regulations promulgated by the Department of Corrections.

KY. REV. STAT. § 197.045(4) (emphasis added).  Thus, this statutory provision clearly provides that, while a sex offender *may be eligible* to earn sentencing credit upon the successful completion of the sex offender treatment program (as determined by the program director), whether an offender is awarded credit, particularly good time credit, remains within the discretion of prison officials.  *Id*.

---

[1] Bell was convicted of two counts of sodomy in the second degree in violation of Kentucky Revised Statute § 510.080, which is included in the definition of "sex crime" provided by § 17.500(8)(a).

The Sixth Circuit has specifically rejected the existence of a due process claim arising from allegations of failure to earn good time credits in violation of § 197.045, explaining:

> As "the Due Process Clause itself does not create a liberty interest in credit for good behavior," *Sandin* [*v. Conner*, 515 U.S. 472, 477, 115 S.Ct. 2293 (1995)], the question is whether the Kentucky statute creates such an interest. A Kentucky inmate "possesses no inherent constitutional right . . . to accumulate good time credits." *Hopewell v. Berry,* No. 89–5332, 889 F.2d 1087 (table), 1989 WL 137177, at *1 (6th Cir. Nov.15, 1989) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Furthermore, "[p]rison officials clearly have discretion under state law to deny a prisoner future good time." *Id.* (citing KY. REV. STAT. § 197.045(1)). As there is no right to accumulate good-time credits, [defendants] did not commit a constitutional violation. [Plaintiff's] substantive due process rights were not violated because of his inability to accumulate good-time credits.

*Grinter*, 532 F.3d at 575; *see also Martin v. Chandler*, 122 S.W.3d 540, 542 (Ky. 2003) ("Because Appellant has no entitlement to the discretionary KRS 197.045(1) non-educational good time and KRS 197.045(3) meritorious good time credits, KRS 197.045(4)'s requirement that sex offenders successfully complete SOTP [Sex Offender Treatment Program] before they are eligible to earn such good time credits does not "increase the punishment for criminal acts" in violation of the appellant's constitutional protections against ex post facto laws.); *Seymour v. Colebank*, 179 S.W.3d 886, 891 (Ky. Ct. App. 2005) ("[An offender] has no vested right or reasonable entitlement to good time credit, whether it be the non-educational good time credit set forth by KRS 197.045(1) or the meritorious good time credit set forth by KRS 197.045(3).")

Thus, because Bell has no inherent constitutional right to accumulate good time credits, and because prison officials have discretion under §§ 197.045(1) and (4) to award such credit, Bell's complaint fails to allege a due process violation based upon his claim

that he has not received good time credit upon completion of a sexual offender treatment program.

For all of these reasons, Bell's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Because Bell's Complaint fails to state a claim for relief, his Motion for Preliminary Injunction and Temporary Restraining Order (Doc. # 4) and his Motion for Appointment of Counsel (Doc. # 5) will also be denied.[2]  His Motion to Proceed *In Forma Pauperis* (Doc. # 3) will be denied as moot, thus no filing fees will be imposed at this time.

Accordingly, **IT IS ORDERED** as follows:

(1) Bell's Complaint (Doc. # 1) is **DISMISSED**;

(2) Bell's Motion to Proceed *In Forma Pauperis* (Doc. # 3) is **DENIED AS MOOT**;

(3) Bell's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. # 4) and Motion for Appointment of Counsel (Doc. # 5) are **DENIED**;

(4) This matter is **STRICKEN** from the active docket; and

---

[2]   In order to determine whether preliminary injunctive relief is warranted, the Court considers whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) the absence of substantial harm to others if the injunction is granted; and (4) furtherance of the public interest if the injunction is granted.  *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689–90 (6th Cir. 2014).  Similarly, when considering whether the "exceptional circumstances" exist that would justify the appointment of counsel in a civil proceeding, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently.  *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009); *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances.") (internal citation omitted).  Because Bell's Complaint fails to state a claim for which relief may be granted, he has no chance of success on the merits, thus neither preliminary injunctive relief nor the appointment of counsel is warranted.

(5)   A corresponding judgment will be entered herewith.

This 8th day of May, 2020.



Signed By:
*David L. Bunning*   DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\Bell 20-164 MOO Denying.docx